IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHEN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

RALPH WALTER BROWN and
APRIL BROWN WORKS,

    Plaintiffs,

vs.                                      CASE NO.: 5:10-CV-130

HON. BOBBY HADDOCK, in his
official capacity as Sheriff of
Washington County, JONATHAN
RACKARD, in his individual capacity,
and BRANDON STEVENSON, in his
individual capacity,

    Defendants.
_____/

## DEFENDANTS' MOTION FOR SEPARATE TRIAL OF DEFENDANTS HADDOCK, RACKARD AND STEVENSON

COME NOW Bobby Haddock, in his official capacity as Sheriff of Washington County, Florida, Jonathan Rackard and Brandon Stevenson, in their individual capacities, by and through undersigned counsel, and pursuant to Rule 42(b) of the Federal Rules of Civil Procedure, move that the Court order a separate trial of the claims against individual Defendants Rackard and Stevenson form the official capacity claims against Defendant Sheriff Haddock, that the individual capacity claims proceed to trial first, and that the official capacity claims abate (including discovery on official capacity liability) pending resolution of the claims against individuals. Defendants incorporate herewith their Memorandum of Law.

## CERTIFICATE OF CONSULTATION

In accordance with Rule 7.1(B) of the Rules for the United States District Court, Northern District of Florida, undersigned counsel certifies that he has conferred with counsel of record on this

matter and is authorized to report that James Cook, counsel for the Plaintiff, opposes separate trials or bifurcation of trials of individual capacity claims and official capacity claims.

## MEMORANDUM OF LAW

Rule 42(b) provides:
*"The Court, in furtherance of convenience or to avoid prejudice, or when separate trials may be conducive to expedition and economy may order a separate trial of any claim, cross-claim, counterclaim, or third-party claim, or any separate issue or if any number of claims, cross-claims, counterclaims, third party claims, or issues, always preserving inviolate the right of trial by jury as declared by the Seventh Amendment to the Constitution or as given by state of the United States."*

Defendants Haddock, Rackard and Stevenson seek to bifurcate or sever the trial of the official capacity claims against the Sheriff from the claims against individuals, and that the individual claims proceed to trial first. They further move to stay discovery of official capacity issues until and unless such discovery is actually needed.

The claim presented herein can be broken down into two essential categories; those which seeks to impose liability against the deputies, individually (Counts I-IV); and that which seeks to impose official capacity liability against Sheriff Haddock. When individual capacity claims are brought along with official capacity claims, proof of the <u>official</u> capacity claims necessitates proof of additional elements, including proof that the Sheriff was previously aware of other incidents of alleged similar misconduct and that the political subdivisions had in effect customs, policies or practices which were deliberately indifferent to the rights of citizens, and whose unconstitutional policies were the moving force behind alleged deprivation of constitutional dimension.

Whether separate trials or bifurcations, as they are commonly referred to in civil rights litigation, are granted is a matter committed to the sound exercise of the Court's discretion. <u>DeAnda v. City of Long Beach</u>, 7 F.3d 1418 (9th Cir. 1993).

2

The concept of bifurcation of individual capacity claims from municipal claims in suits brought pursuant to Title 42 U.S.C. § 1983 found approval in City of Los Angeles v. Heller, 475 U.S. 796, 89 L.Ed 2d 805, 106 S.Ct. 1571 (1986). In that case bifurcation was ordered and the individual capacity claims proceeded to trial first. A verdict was entered in favor of the individual capacity defendants. The trial court then dismissed the municipal capacity claim because there was no basis for imposition of liability against an official where a jury had rejected a claim that a constitutional tort had occurred. Put another way, whether a municipal policy or custom is at the root of conduct which has been determined not to be in violation of the Constitution, is a moot question.

The court wrote:

> "...*neither* Monell v. New York City Dept. of Social Services, *(citation omitted) nor any other of our cases authorizes the award of damages against a municipal corporation based upon the actions of one of its officers when in fact the jury has concluded that the officers inflicted no constitutional harm. If a person has suffered no constitutional injury at the hands of the individual police officer, the fact that the departmental regulations might have authorized the use of constitutionally excessive force is quite beside the point.*" Heller, 475 U.S. at 799.

Sheriff Haddock and Deputies Rackard and Stevenson respectfully suggest that bifurcation will serve to simplify the issues, avoid prejudice to the parties, may reduce litigation costs, and shorten the trial. All of those benefits meet the criteria for separation of claims or bifurcation.

For example, if the claim against the deputies is tried first and separately, the instructions to the jury and verdict forms will be significantly less likely to confuse. The proofs will have simply to do with the facts of the individual incident in question and the reasonableness of the actions taken.

Substantial unfair prejudice to Rackard and Stevenson will be avoided if bifurcation is ordered. In order for Plaintiff to prove his municipal, official capacity claims, he will need to present

proofs of customs in place at the Washington County Sheriff's Office or County, itself, and will necessarily seek to offer proof of other similar incidents of claimed unlawful use of force or unlawful arrest by other persons either parties to or not parties to this suit. Further, evidence concerning decisions concerning other incidents pertaining to discipline and training may be relevant for the Sheriff but could be inadmissible and highly prejudicial to Rackard and Stevenson. Proof of claimed other incidents of excessive force may well be not only admissible, but required, as to the Sheriff, but are clearly not admissible as to the individual deputies and could be profoundly prejudicial to their right to have their actions judged untainted by the testimony about actions of other people or their own actions, on other dates, under other circumstances. Such testimony would properly be excludable as to individual officers under Rule 403. Dawson v. Prince George's County, 896 F.Supp. (D.Md. 1995), at 540.

Next, by simplifying the issues, the trial of this case will be substantially shortened. A Defendant will be eliminated from that first trial. If the Plaintiff fails in the first trial to prove that unconstitutional direct actions have occurred, the time needed to prove the custom, policy, practice issues will never be called upon. Further, if the Plaintiff proves that a constitutional violation occurred, and recovers damages, from a practical perspective, the need for a second trial is very unlikely. If Plaintiff proves either Rackard or Stevenson or both acted unconstitutionally, Plaintiff's path to the recovery he seeks has been established and the official capacity trial is not likely to be anything other than an abstract intellectual exercise. Myatt v. City of Chicago, 816 F. Supp. 1259 (N.D. Ill. 1992) at 1264; City of Riverside v. Sanchez, 596 F. Supp. 193, 194 (C.D. Cal. 1984).

Finally, discovery needed to prove official capacity claims involves detailed collection and review of other incidents, training protocols, internal affair files and personnel decisions. It is

profoundly expensive to accomplish and drives up both actual costs and, indirectly, settlement valuations.

**WHEREFORE**, for the foregoing reasons, Defendants move that the trial of Rackard and Stevenson be bifurcated and severed from the claim against Sheriff Haddock, that the claim against them be tried first, and that discovery concerning Sheriff and official practices and customs liability issues be stayed until further order of the court.

Respectfully submitted,

_____
**JOHN W. JOLLY, JR.**
Florida Bar No. 291961
**JOLLY & PETERSON, P.A.**
Post Office Box 37400
Tallahassee, Florida 32315
Tel:   (850) 422-0282
Fax:   (850) 422-1913

*Attorneys for Defendant Haddock, Rackard and Stevenson*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing document was furnished by U. S. Mail or CM/ECF Service only to James V. Cook, Law Office of James Cook, 314 West Jefferson Street, Tallahassee, Florida 32301 and Gary A. Roberts, Gary A. Roberts & Associates, 130 Salem Court, Tallahassee, Florida 32301, this _____ day of March, 2011.

_____
**JOHN W. JOLLY, JR.**