IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

RALPH WALTER BROWN, et al.,      Case No.: 5:10-cv-130-RS
    Plaintiffs,

v.

HON. BOBBY HADDOCK, et al.,
    Defendants.

## PLAINTIFF'S MOTION IN LIMINE

COME NOW Plaintiffs RALPH BROWN and APRIL WORKS, by and through the undersigned attorney, and ask the Court as follows:

**A. To exclude from evidence, testimony, and argument:**

1. An accidental firearm discharge that injured a family member.
2. Plaintiff Brown's child support arrearages.
3. Plaintiff Works' job evaluations.
4. Conflicts between Plaintiff Works' sister Paula and other family members prior to Ms. Works arrival and of which she was unaware.
5. Plaintiff Works job-related disputes with co-workers.
6. Plaintiff Works criminal complaint that was not prosecuted.
7. Proceedings against Plaintiff Works law enforcement certification.
8. Plaintiff Works' separation and divorce.
9. Plaintiffs' failure to seek psychiatric counseling.

1

**B. Plaintiffs ask the Court to permit the following matters in evidence, testimony, and argument:**

1. In the second phase of the trial, if liability is found as to the individual defendants, the knowledge of the Sheriff as to other wrongful uses of force by the individual defendants.

Plaintiffs are concerned that Defendants may raise matters that have little probative value but could tend to inflame and confuse a jury and would amount to impermissible character evidence.

"A district court is accorded a wide discretion in determining the admissibility of evidence under the Federal Rules. Assessing the probative value of [the proffered evidence], and weighing any factors counseling against admissibility is a matter first for the district court's sound judgment under Rules 401 and 403...." *United States v. Abel*, 469 U.S. 45, 54, 105 S.Ct. 465, 83 L.Ed.2d 450 (1984), *cited by Sprint/United Management Co. v. Mendelsohn*, 552 U.S. 379, 384, 128 S.Ct. 1140, 1145 (2008).

Even where there is some argument for relevance, F.R.Civ.P. 403 requires an "on-the-spot balancing of probative value and prejudice." 1 S. Childress & M. Davis, Federal Standards of Review § 4.02, p. 4-16 (3d ed.1999). *See Old Chief v. United States*, 519 U.S. 172, 183, n. 7, 117 S.Ct. 644, 136 L.Ed.2d 574 (1997), *Sprint/United Management Co., supra.*

WHEREFORE, Plaintiff respectfully prays this Honorable Court to grant Plaintiffs Motions in Limine as set forth above.

        Respectfully submitted,

        *s/ James V. Cook*
        JAMES V. COOK, ESQ.
        Florida Bar Number 0966843
        314 West Jefferson Street
        Tallahassee, Florida 32301
        (850) 222-8080; 561-0836 fax

I CERTIFY the foregoing was filed electronically on 5/2/2011 and that the person noted below is registered to be notified by the CM/ECF electronic mail system:

John W. Jolly, Jr.
Jolly & Peterson, P.A.
Post Office Box 37400
Tallahassee, FL 32315

        *s/James V. Cook*
        JAMES V. COOK